**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

| | |
|---|---|
| LUCIANO RAMIREZ SALAZAR,  )<br>Reg #08125-097                          )<br>    Petitioner,                          )<br>                                                )<br>v.                                             )<br>                                                )<br>T C OUTLAW, Warden, FCI – Forrest City  )<br>                                                )<br>    Respondent.                        ) | **Case No. 2:10-CV-00193 JMM-JTK** |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Luciano Salazar for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc No. 1). Respondent has filed a response contending that the Petition should be denied. (Doc. No. 14).

## Background

Petitioner is currently an inmate at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City) because he was convicted of possession of cocaine with intent to deliver and being a deported alien found within the United States. He was sentenced by Judge David Levi in the United States District Court for the Eastern District of California to 300 months on the cocaine conviction and 120 months, to be served concurrently, on the deported alien conviction. *United States v. Ramirez-Salazar*, Case No. 2:97-cr-00591-1 (E.D. Cal. Apr.

22, 1999). Petitioner's conviction was affirmed by the Ninth Circuit on July 5, 2000. *United States v. Ramirez-Salazar*, 229 F.3d 1160 (9th Cir. 200). Petitioner's cocaine conviction sentence was later shortened to 240 months in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

On February 4, 2002, Petitioner filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which raised the following four grounds for relief: 1) his right to a speedy trial act was violated; 2) the amount of drugs attributed to him was erroneous; 3) he had ineffective assistance of counsel; and 4) he was denied a fair trial under the Sixth Amendment. (Resp't's Resp. 38-39, Doc. No. 14). His Petition was denied on June 18, 2002. *Id.* at 50. The district court and Ninth Circuit subsequently denied his requests for a certificate of appealability.

On January 29, 2004, Petitioner filed a second request for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which raised the following four grounds for relief: 1) he had ineffective assistance of counsel; 2) his rights under the Sixth Amendment's Confrontation Clause were violated; 3) he was entitled to an evidentiary hearing; and 4) he was actually innocent of the drug charge. *Id.* at 67-80. On April 7, 2005, the Ninth Circuit denied his application for authorization to file a second of successive petition. *Id.* at 85. Petitioner's subsequent request to file a successive petition was also denied on January 25, 2006. *Id.* at 84.

## Discussion

Petitioner claims that he is entitled to relief under § 2241 for the following reasons: 1) the execution of his conviction and sentence was unconstitutional because he is innocent of the charges he was convicted of; 2) he was pursued under discrimination; 3) his categorization as a

3

career offender was unconstitutional; and 4) he was unconstitutionally prosecuted three times for two gun charges.

Given the nature of Petitioner's claims and his previous efforts under § 2255, it is clear that the present Petition is a collateral attack on his conviction or sentence. This is problematic because the "savings clause" of § 2255 dictates that the sentencing court (rather than the court of incarceration) retains subject matter jurisdiction over such claims unless § 2255 is inadequate or ineffective to test the legality of detention. 28 U.S.C. § 2255; *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). Thus, the primary issue before the Court, as the court of incarceration, is whether § 2255 was inadequate or ineffective to test the legality of Petitioner's conviction. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

Petitioner bears the burden of demonstrating that § 2255 relief in the sentencing court would be unavailable or ineffective. *Id.* "[I]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Id.* The Eighth Circuit has held a § 2255 motion is not inadequate or ineffective merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id.* (quoting *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2003)).

Petitioner's only argument is that § 2255 relief was inadequate or ineffective because he received insufficient assistance from the paralegal who worked on his first § 2255 motion. Yet "[t]here is no constitutional right to effective assistance of counsel in habeas proceedings."

4

*Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010).  Further, a prisoner cannot raise issues in a motion under § 2241 that could have been or that actually were raised in a motion under § 2255.  *See Lurie*, 207 F.3d at 1077-78 (finding petitioner had failed to demonstrate the § 2255 motion was inadequate or ineffective because all of the claims asserted could have been maintained in a timely § 2255 motion or on direct appeal).  All of the issues that are currently presented could have been included in Petitioner's initial motion under § 2255, and Petitioner's only explanation for this is that he had ineffective assistance of counsel.

Petitioner has failed to carry the burden of demonstrating that his remedies in the Eastern District of California were inadequate or ineffective.  Thus, the Court has no jurisdictional basis to consider Petitioner's arguments, and his Petition should be dismissed with prejudice.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

SO ORDERED this 2nd day of April, 2012.

_____
United States Magistrate Judge